UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF GIS MARINE, LLC        CIVIL ACTION
AS OWNER OF THE M/V GIS – CRUSADER
PETITIONING FOR EXONERATION FROM
OR LIMITATION OF LIABILITY

NO. 14-1018 c/w 15-1133-ILRL-SS

### ORDER

PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (Rec. doc 45)

**GRANTED IN PART AND DENIED IN PART**

For the reasons described below, **within seven (7) calendar days of the entry of this order**, GIS Marine, LLC ("GIS") shall provide an affidavit from a representative of GIS, other than its counsel, that after diligent search all documents responsive to Michael Cheese's second request for discovery have been produced. GIS shall produce the person making this affidavit as one of its Rule 30(b)(6) representatives.

GIS shall produce its corporate representatives in New Orleans for a deposition. The deposition shall take place at the office of counsel for GIS. The deposition shall be limited to seven hours exclusive of reasonable breaks. Counsel for the parties shall meet-and-confer in good faith on the scheduling of the deposition.

**Within seven (7) calendar days of the entry of this order**, the parties shall notify the undersigned of the agreed date for the deposition. If they cannot agree on the date for the deposition, within the same deadline they shall submit separate proposals. The Court will select the one that most nearly meets the needs of the case. The Court will enter an order scheduling the deposition for either the agreed date or the date selected by the Court. Barring a natural disaster, there will no circumstances under which the deposition will be rescheduled. At least 48

hours prior to the deposition, counsel for both parties shall provide the GIS representatives with pre-marked exhibits. The representatives shall not be questioned on any document unless it was submitted to the representatives as a pre-marked exhibit at least 48 hours in advance of the deposition. If any counsel cannot attend the deposition for any reason, the counsel shall participate by telephone. Counsel for GIS shall make the arrangements to permit the deposition to proceed by telephone if necessary.

If because of the rescheduled deposition either party contends that the District Judge's scheduling order must be modified, **the deadline for such a motion is seven (7) calendar days from the entry of this order**. A motion to modify the District Judge's scheduling order shall be addressed to the District Judge.

All other relief sought by the parties is denied.

## PROCEDURAL BACKGROUND

On April 7, 2014, the plaintiff, Michael Cheese ("Cheese"), in CA 15-1133 was injured while employed on the vessel belonging to GIS. It filed a limitation proceeding. Rec. doc. 1. Cheese file an answer and claim. Rec. doc. 11. The final pretrial conference is set for September 25, 2015. The trial is set for October 5, 2015. Rec. doc. 22. Cheese's motion to extend some deadlines was granted with new deadlines as follows: (1) plaintiff's expert report – July 29, 2015; (2) defendant's expert report – August 27, 2015; (3) witness and exhibit lists – August 27, 2015; and (4) motion deadline – September 16, 2015. Rec. doc. 32. The District Judge's order extending deadlines provides that "[t]he parties are instructed to cooperate and work diligently to complete the necessary discovery in this matter. Failure to comply may result in sanctions pursuant to Fed. R. Civ. P. 37." Rec. doc. 32.

Within two weeks of the order extending the deadlines, Cheese filed a motion for a status conference concerning a dispute over the scheduling of the depositions of Steve Degestrom, the captain of the vessel, and the Rule 30(b)(6) representatives of GIS. Rec. doc. 35. On June 22, 2015, an order was issued scheduling Degestrom's deposition on July 7, 2015 and GIS Rule 30(b)(6) representatives on July 9, 2015. Rec. doc. 38. A week later Cheese moved for reconsideration because his counsel was unavailable on July 9, 2015. Rec. doc. 39. An order was issued requiring submissions from the parties on their availability for the deposition. Rec. doc. 40. The Court was notified that the parties reached agreement on the date for the deposition of the of the Rule 30(b)(6) representatives. Rec. doc. 43. Degestrom was deposed on July 7, 2015.

The parties agreed to take the deposition of the GIS Rule 30(b)(6) representatives on Friday, July 10, 2015. On the evening before the deposition, Cheese notified GIS that his counsel would not appear to depose the GIS Rule 30(b)(6) representatives. On July 9, 2015, Cheese filed a deficient motion for a protective order. Rec. doc. 44. On July 10, 2015, counsel for GIS via email sought the Court's aid in requiring the depositions to proceed. On July 10, 2015, Cheese refiled the motion for a protective order. The Court was not available for a conference on July 10, 2015.

Cheese's motion for a protective order was reset for July 20, 2015. Rec. doc. 47. GIS filed an opposition. Rec. doc. 48. Cheese filed a reply. Rec. doc. 49.

## **CHEESE'S WRITTEN DISCOVERY**

On January 8, 2015, Cheese served his first set of written discovery on GIS. Rec. doc. 48 (Exhibit 1). His discovery was premature as there is no evidence that the parties conferred as required by Rule 26(f). The scheduling conference was on February 27, 2015. Rec. doc. 21.

The deadline in the scheduling order for the completion of discovery is August 26, 2015. Rec. doc. 22. On March 27, 2015 (within 30 days of the scheduling conference), GIS responded to Cheese's first set of requests for production of documents. Rec. doc. 48 (Exhibit 2).

Cheese contends that the March 27, 2015 response was not timely and it was obtained only after at least two discovery responses. Rec. doc. 45 (Memorandum at 2). Cheese did not file a motion to compel.

On May 27, 2017 (two months after GIS' service of its response to the first request for production of documents), Cheese initiated a further discovery responses because he contended that the March 27, 2017 response were deficient. Rec. doc. 45 (Memorandum at 3). Cheese reports that GIS agreed to supplement its March 27, 2015 responses by June 12, 2015. Id.

On June 3, 2015, the District Judge extended deadlines, including Cheese's expert report deadline. Rec. doc. 32.

On June 3, 2015, counsel for GIS notified counsel for Cheese that GIS did not believe that the documents sought by Cheese by way of supplemental response to the first request for discovery were responsive to the first set of discovery. Rec. doc. 45 (Exhibit B). At this point there was a dispute between GIS and Cheese over the scope of discovery in the first request and whether documents sought by Cheese were responsive to that first request. Cheese did not seek an expedited motion to compel responses to the first request. GIS suggested that Cheese serve a second request for production of documents.

On June 4, 2015, Cheese served his second set of written discovery on GIS. Rec. doc. 48 (Exhibit 4). On July 6, 2015, the day before the Degestrom deposition, GIS served its response to Cheese's second set of requests for production of documents. Rec. doc. 48 (Exhibit 5). On July 7, 2015, Degestrom was deposed.

4

On the afternoon of July 9, 2015, GIS produced additional documents, including documents relating to the training of Cheese and Degestrom and presentations given during a 2014 training meeting.

At 6:17 p.m., counsel for Cheese notified counsel for GIS that it was not proceeding with the GIS Rule 30(b)(6) deposition until the issues were resolved.

## ARGUMENTS OF THE PARTIES

Cheese contends that:  (1) documents produced by GIS on July 9 were responsive to Cheese's first set of discovery, including interrogatory no. 14; (2) Cheese was prejudiced by the failure of GIS to produce these documents before the Degestrom deposition; and (3) it did not receive a transcribed copy of Degestrom's statement until just prior to his deposition.  Cheese seeks an order compelling:  (1) production of all GIS safety and training materials; (2) a second Degestrom deposition; (3) a GIS Rule 30(b)(6) deposition; and (4) attorneys' fees and costs.

GIS contends that:  (1) Degestrom was deposed for over six hours and repeatedly asked about training; (2) it appropriately responded to Cheese's written discovery; (3) it produced its Rule 30(b)(6) representatives on July 10, 2015; and (4) it should not be required to re-produce them for the Rule 30(b)(6) deposition.

In its reply memorandum, Cheese raises for the first time an argument that based on Degestrom's deposition, it is obvious that GIS has not produced all of the training manuals. Rec. doc. 49 at 2-3.

## ANALYSIS

Cheese waited too long before contending that GIS' responses to the first set of discovery are deficient.  Cheese's motion regarding the sufficiency of the GIS response to the first request for production is not timely.

5

GIS requested that Cheese serve a second request for production. GIS was obligated to complete a thorough search for all responsive documents and produce them in a timely manner.

Cheese has not demonstrated that his examination of Degestrom was prejudiced by the belated production of documents in response to his second request for production.

Cheese is entitled to the Rule 30(b)(6) deposition of GIS.

IT IS ORDERED that: (1) the motion of the plaintiff, Michael Cheese, for protective order (Rec. doc. 45) is GRANTED in PART and DENIED in PART as provided herein;(2) the deadline for an appeal of this order is **seventy-two hours from its entry**; and (3) the order shall not be stayed pending its appeal, unless ordered by the District Judge.

New Orleans, Louisiana, this 22nd day of July, 2015.

_____
**SALLY SHUSHAN**
**U.S. Magistrate Judge**